[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 11-13582

————————

D. C. Docket No. 1:10-cr-20699-DLG-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO GOMEZ,
GERMAN RODRIGUEZ,

Defendants-Appellants.

————————

Appeals from the United States District Court
for the Southern District of Florida

————————

(March 1, 2013)

Before DUBINA, Chief Judge, BLACK and ALARCÓN,* Circuit Judges.

PER CURIAM:

---

* Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Appellants Mauricio Gomez ("Gomez") and German Rodriguez ("Rodriguez") (collectively "Defendants") appeal their convictions and sentences imposed by the United States District Court for the Southern District of Florida. Specifically, Defendants challenge the sufficiency of the evidence supporting their convictions and the district court's denial of their motion for judgment of acquittal or a new trial on the basis of an alleged *Brady*[1] violation. Defendants also appeal their sentences, specifically challenging the district court's calculation of loss, denial of a "minor role" reduction, and application of a "sophisticated means" enhancement. Rodriguez also challenges the substantive reasonableness of his sentence.

The issues presented on appeal are as follows:

A. **Evidence and guilt/innocence**

(1) Whether the evidence was sufficient to support the jury's finding that Defendants knowingly participated in a wire fraud scheme with the intent to defraud.

(2) Whether the evidence was sufficient to support Gomez's conviction on Count 13 for knowingly aiding and abetting Rodriguez in wire fraud.

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

2

(3)  Whether the Government violated *Brady* by suppressing material exculpatory evidence, and if so, whether the district court abused its discretion in denying a new trial.

B.  **Sentencing**

(4)  Whether the district court clearly erred in calculating loss attributable to Defendants.

(5)  Whether the district court clearly erred in declining to apply a "minor role" reduction for Defendants.

(6)  Whether the district court clearly erred in applying a "sophisticated means" enhancement.

(7)  Whether Rodriguez's 37-month sentence is substantively reasonable.

We review *de novo* whether the evidence was sufficient to sustain a conviction.  *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003).  We view the record in the light most favorable to the verdict, drawing all reasonable inferences and resolving all questions of credibility in favor of the government.  *Id.*

We review for abuse of discretion the denial of a motion for new trial based on an alleged *Brady* violation.  *United States v. Brown*, 441 F.3d 1330, 1350 (11th Cir. 2006).  *But see United States v. Jones*, 601 F.3d 1247, 1266 (11th Cir. 2010) (reviewing alleged *Brady* violation *de novo*).

3

We review for clear error the district court's calculation of loss, *United States v. Naranjo*, 634 F.3d 1198, 1206 (11th Cir. 2011), the district court's denial of a "minor role" reduction, *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010), and the district court's finding that a defendant used "sophisticated means," *United States v. Robertson*, 493 F.3d 1322, 1329–30 (11th Cir. 2007).

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We first ensure that that the district court committed no procedural error in imposing the sentence. *Id.* at 51, 128 S. Ct. at 597. If the sentencing was procedurally sound, then we consider the substantive reasonableness of the sentence and apply the deferential abuse-of-discretion standard. *Id.* at 51, 128 S. Ct. at 597.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments Defendants make in this appeal. Accordingly, we affirm the Defendants' convictions and sentences.

**AFFIRMED.**

4